**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael R Ward, | No. CV-18-00694-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Nathaniel Harris, et al., | |
| Defendants. | |

This case arises out of Plaintiff Michael R. Ward's ("Plaintiff") claims against various defendants under the Eighth and Fourteenth Amendments of the United States Constitution. (Doc. 105 at 1). Broadly, he claims his rights were violated when prison personnel revoked his use of sunglasses, which he claims he needs to stave off myriad photosensivity-related symptoms. (*Id.* at 2–4). The case is currently set for trial on November 16, 2020, and Plaintiff now moves for appointment of counsel. (Doc. 106).

Although civil litigants do not enjoy a constitutional right to the appointment of counsel, this Court can appoint counsel in pro se and in forma pauperis proceedings when "exceptional circumstances" exist. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting 28 U.S.C. § 1915(e)(1)). A finding of exceptional circumstances "requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986)).

1        The Court finds no exceptional circumstances warrant appointing counsel at this stage in the litigation. The Court has referred this case to Magistrate Judge Michelle H. Burns to conduct a settlement conference, (Doc. 105 at 10), and believes that Plaintiff is fully capable of independently deciding whether to settle the case at that conference. Thus, the motion will be denied without prejudice to Plaintiff raising a later request for counsel if the settlement conference does not result in a settlement.

       Therefore,

       IT IS ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 106) is DENIED without prejudice to Plaintiff raising a later request following the settlement conference.

       Dated this 28th day of April, 2020.

James A. Teilborg
Senior United States District Judge